1 THOMAS R. BROOKSBANK, ESQ.
  Nevada Bar No. 2674
2 BROOKSBANK & ASSOCIATES
  6451 S. Virginia St., #335
3 Reno NV 89511
  (775) 329-5230
4 Attorney for Defendant

## IN THE SECOND JUDICIAL DISTRICT COURT STATE OF NEVADA
## COUNTY OF WASHOE, STATE OF NEVADA

TARGET NATIONAL BANK,

   Plaintiff,

vs.                                    Case No.: CV07-01408

MARY BROOKSBANK,                       Dept.No.: 3

   Defendant.

_____

MARY B. BROOKSBANK,

   Couterclaimant, Third Party Plaintiff

vs.

TARGET NATIONAL BANK, MANN BRACKEN, LLC, PATENAUDE & FELIX, APC, WESLEY U. VILLANUEVA, ESQ.,

   Counterdefendant, Third Party

   Defendants.

**ANSWER COUNTERCLAIM THIRD PARTY CLAIM**

MARY BROOKSBANK, by and through her attorney, Brooksbank & Associates, answers the complaint filed herein as follows:

1. Deny.
2. Admit.
3. Deny.
4. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph four of the Complaint and upon that basis, denies the same.

5. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph five of the Complaint and upon that basis, denies the same.

6. Deny.

7. Deny.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim for which relief can be granted.
2. Fraud.
3. Fraud in the inducement.
4. Breach of contract.
5. Set off.
6. Abuse of process.
7. Malicious prosecution.
8. Unfair and Deceptive Trade Practices.
9. Negligence.
10. Duress.
11. Failure to mitigate damages.
12. Unclean hands.
13. Unconscionable acts and practices.
14. Deception & fraudulent Lending & Collection Practices.
15. Breach of covenant of good faith & fair dealing.
16. Misapplication of Payments.
17. Unauthorized charges.

WHEFORE, defendant prays that:

1. The complaint be dismissed with prejudice.
2. That defendant be awarded her attorney's fees and costs incurred to defend this case.
3. For such other and further relief as the court deems just and proper

## COUNTERCLAIM/THIRD PARTY CLAIM

Counterclaimant, Third Party Plaintiff Mary Brooksbank, ("Mary") as and for her counterclaim and Third Party claim alleges as follows:

1. Counterclaimant is a consumer as defined in 15 USC §1692a.

2. TARGET NATIONAL BANK, ("TNB"), is a national bank engaged in the consumer credit card business.

3. MANN BRACKEN, LLC ("MANN BRACKEN") is a Georgia law firm engaged in the business of collecting consumer debts and is a debt collector as defined in 15 USC §1692 a(6).

4. PATENAUDE & FELIX, APC, ("P&F") is a law firm engaged in the business of collecting consumer debts and is a debt collector as defined in 15 USC §1602a(6).

5. WESTLEY U. VILLANUEVA, ESQ., ("VILLANUEVA,") is an attorney engaged in the business of collecting consumer debts, is a debt collector as defined in 15 USC §1692a(6), and is personally liable to Mary for his illegal and abusive debt collection actions.

## FACTS

6. This case addresses the abusive, unfair, deceptive, and fraudulent business practices of TNB, and the illegal debt collection acts and practices of MANN BRACKEN, P&F, and VILLANUEVA.

7. TNB issued a credit card to MARY, at a time when she was not qualified under normal credit practices, had no source of income for repayment, was an unemployed single mother of six minor children.

8. Without any effort to verify her credit worthiness and without any due diligence, TNB issued her a credit card with a $16,000.00 credit limit, with a $2,400.00 cash credit limit, fully aware that she was unable to repay any such debt.

1   9.   Contrary to the terms of the account, TNB allowed MARY to utilize cash advance
2   checks on the account to exceed her cash credit limit and essentially max out the account,
3   knowing full well that she had no ability to repay the debt.
4   10.  The account quickly went into default as a result of TNB taking advantage of an
5   unsophisticated consumer.
6   11.  After the account went into default TNB contacted MARY and coerced her to
7   make payments by threatening and scaring her and by misrepresenting the impact TNB has on
8   her credit report, misrepresenting the effect of minimum payments. TNB knew or should have
9   known that she had no ability to continue making payments, and the purpose of TNB was to
10  extract payment, so it could incur additional fees and charges, and allowed the debt to escalate.
11  12.  TNB continued with its deceptive and unfair collection practices concerning
12  "special" offers to bring the account current and concerning credit reporting.  TNB failed to
13  disclose material facts concerning the "special" offers, and the true effects of negative credit
14  reporting.  TNB made false and deceptive statements and representations about reporting the
15  account as "current" and deceived and misled the consumer with respect to prior negative credit
16  reporting.
17  13.  TNB sent bills and written requests for payment that failed to include TILA
18  disclosures and itemization of charges, even though TNB continued to charge interest, and fees.
19  14.  TNB misrepresented and omitted to disclose material facts and deceived MARY
20  with respect to "charging off" the account, while continuing to charge interest and fees.
21  15.  TNB threatened to place the account with the law firm of MANN BRACKEN to
22  coerce payment while failing to disclose that MANN BRACKEN was a Georgia law firm whose
23  only collection activity would be to send two dunning letters and has never sued anyone in
24  Nevada.  TNB also failed to disclose that MANN BRACKEN is not licensed in Nevada, cannot
25  file suit in Nevada, misrepresented the immanency of suit and failed to disclose the true effect of

1 the threat, making the threat deceptive, all in an effort to coerce additional payments to run up
2 additional fees and charges that TNB knew MARY could not pay.
3      16.   TNB eventually referred the account to MANN BRACKEN who sent an initial
4 dunning letter.
5      17.   The letter contained a 15 USC §1692g validation notice and MARY responded by
6 notifying MANN BRACKEN that she was represented by an attorney and disputed the debt.
7      18.   MANN BRACKEN ignored the notice and continued to collect the account
8
9 without first obtaining and sending the consumer verification documentation, as required by the
10 FDCPA, and attempted to contact the consumer even though it knew she was represented by an
11 attorney, also a per se FDCPA violation.
12      19.   MANN BRACKEN'S letters are form letters which contain numerous
13 misrepresentations and failures to disclose material facts.
14      20.   When MANN BRACKEN was unable to collect the debt and before providing
15
16 verification, it forwarded the account to P&F and VILLANUEVA for further collection. The
17 referral constitutes collection activity before verifying the account and is another violation of the
18 FDCPA.
19      21.   P&F and VILLANUEVA sent a dunning letter to MARY even though they knew
20 she was represented by an attorney. The letter contained a 1692g notice and MARY responded
21 by sending notice to P&F and VILLANUEVA that she disputed the debt.  In response, P&F and
22
23 VILLANUEVA sent her a one page document that they obtained from MANN BRACKEN. The
24 document did not include any information sufficient to satisfy their verification obligation, rather
25 the document merely provided a claimed balance which was different than the amount
26 previously claimed.  P&F and VILLANUEVA have never provided any documentation showing
27 the charges to the account, application of payments by date and amount, and the fees and charges
28 to the account.

1  22. Rather than provide the required verification documentation, P&F and
2  VILLANUEVA continued to collect the account in violation of the FDCPA. Upon information
3  and belief, this is a common business practice of P&F and VILLANUEVA and is their typical
4  response to verification requests.
5
6  CLASS ALLEGATIONS
7  23. This action is brought as a class action. The class is tentatively defined as all
8  consumers who during the statutory period were subjected to the same or similar business
9  practices of TNB, all consumers whose accounts were assigned from TNB to MANN
10  BRACKEN during the statutory period, and all accounts assigned from MANN BRACKEN to
11  P&F and VILLANUEVA, and or from TNB, to P&F and VILLANUEVA, during the statutory
12  period. MARY reserves the right to redefine the class in light of discovery.
13  24. The class is so numerous that joinder of all members is impractical.
14  25. There are questions of law and fact common to the class, which predominate over
15  any questions affecting only individual class members. The principal questions are whether the
16  business practices of TNB violated NRS Chapter 598, and whether the repetitive business
17  practices of MANN BRACKEN and P&F and VILLANUEVA violate the FDCPA and NRS
18  Chapter 598.
19
20  26. There are no individual claims that would materially predominate over the class
21  claims.
22  27. MARY will adequately protect the interests of the class. She is committed to
23  vigorously litigating the case. She is greatly annoyed at being the victim of the illegal business
24  practices and wishes to see the wrong remedied. She has retained experienced counsel who has
25  extensive knowledge concerning illegal business and debt collection practices.
26  28. MARY'S claim is typical of the class.
27
28

1   29.   A class action is a superior method for the fair and efficient adjudication of this
2   controversy.
3   ## CLAIMS AGAINST TNB
4   30.   The acts and practices of TNB violated NRS Chapter 598 in the following
5   respects:
6         (a)   598.0915(15) knowingly making false representations in a consumer transaction
7   in an effort to coerce payment and profit;
8
9         (b)   598.092(8) knowingly misrepresenting the legal rights, obligations or remedies of
10   a party to a transaction;
11        (c)   598.0923(2) knowingly failing to disclose material facts in connection with the
12   sale or lease of goods or services;
13        (d)   598.0923(4) knowingly using coercion duress or intimidation in a consumer
14   transaction;
15   31.   NRS 41.600 provides a consumer with a private right of action for consumer
16
17   fraud as statutorily defined as a violation of NRS 598.0915 to 598.0925, entitling her to recover
18   damages, attorneys fees and costs.
19   32.   The actions of TNB are statutorily defined as "consumer fraud" entitling the
20   consumer to an award of punitive damages.
21   33.   The acts and omissions of TNB violated the covenant of good faith and fair
22   dealing inferred in all consumer contracts.
23
24   ## CLAIMS AGAINST MANN BRACKEN
25   34.   MANN BRACKEN violated the FAIR DEBT COLLECTION PRACTICE ACT,
26   15 USC §1692 in the following respects:
27        (a)   contacting the consumer when the debt collector knows that the consumer is
28   represented by an attorney. (1692 c(a)(2)).

1      (b) failing to provide verification after the consumer disputed the debt. (1692g)

2      (c) continuing to collect the debt after receiving a timely dispute notice. (1692g).

3      (d) misrepresenting the amount of the debt and attempting to collect amounts not

4  owed. (1692d,e,f).

5      (e) misrepresenting that the account was approaching "charge off" when the account

6  had previously been charged off by the creditor. (1692d,e,f).

7

8      (f) misrepresenting the effect of credit reporting and failing to include a statement

9  that the consumer disputed the debt in any threatened reporting. (1692c,d,e,f).

10     (g) misrepresenting that it would provide verification if the consumer provided a

11 timely written notice of dispute. (1692d,e,f).

12     35. The acts and practices of MANN BRACKEN violated NRS 598 in the following

13 respects:

14     (a) 598.0915(15) knowingly making false representations in a consumer transaction;

15

16     (b) 598.092(8) knowingly misrepresenting the legal rights obligations or remedies of

17 a party to a consumer transaction;

18     (c) 598.0923(2) knowingly failing to disclose material facts in connection with the

19 sale or lease of goods or services;

20     (d) 598.0923(3) knowingly violating a federal statute relating to the sale or lease of

21 goods or services;

22

23     (e) 598.0923(4) using coercion duress or intimidation in a consumer transaction.

24     36. NRS 41.600 provides the consumer with a private right of action for consumer

25 fraud as statutorily defined as a violation of NRS 598.0915 to 598.0925 entitling the consumer to

26 recover damages, attorneys fees and costs.

27     37. The acts of MANN BRACKEN are statutorily defined as "consumer fraud"

28 entitling the consumer to an award of punitive damages.

## CLAIMS AGAINST P&F AND VILLANUEVA

38. P&F and VILLANUEVA violated the FDCPA in the following respects:

    (a) failing to provide verification documentation in response to a consumer's timely dispute notice. (1692g).

    (b) continuing to collect the debt without first providing verification. (1692g).

    (c) misrepresenting the character, amount or legal status of the debt. (1692e).

    (d) attempting to collect amounts not owed. (1692 d,e,f).

    (e) misrepresenting their relationship and communications with the creditor. (1692 d,e,f).

    (f) misrepresented their authority to file suit. (1692e).

    (g) misrepresenting and failing to disclose the impact of a judgment, the exemptions available to the consumer and the imminency of suit for purposes of coercing payment. (1692d,e,f).

    (h) misrepresented that they would provide verification of the debt when the only document they ever intended to provide was a one page unsubstantiated balance they obtained from MANN BRACKEN without any proof of the underlying charges, credits and debits. (1692d,e,f).

    (i) failing to disclose illegal kickbacks to MANN BRACKEN. (1692 d,e,f).

    (j) engaging in abusive debt collection practices against the former spouse of attorney Brooksbank for purposes of revenge and vindictiveness for prior FDCPA case counsel has pursued against P&F and VILLANUEVA. (1692d,e,f).

P&F and VILLANUEVA'S actions and omissions violated NRS Chapter 598 in the following respects:

    (a) 598.0915(15) knowingly making false representations in a consumer transaction;

1     (b)     598.092(8) knowingly misrepresenting the legal rights obligations or remedies of a party to a consumer transaction;

3     (c)     598.0923(2) knowingly failing to disclose material facts in connection with the sale or lease of goods or services;

5     (d)     598.0923(3) knowingly violating a federal statute relating to the sale or lease of goods or services;

8     (e)     598.0923(4) using coercion duress or intimidation in a consumer transaction.

9     36.     NRS 41.600 provides the consumer with a private right of action for consumer fraud as statutorily defined as a violation of NRS 598.0915 to 598.0925 entitling the consumer to recover damages, attorneys fees and costs.

12     37.     The acts of P&F and VILLANUEVA are statutorily defined as "consumer fraud" entitling the consumer to an award of punitive damages.

WHEREFORE, Mary Brooksbank respectfully prays as follows:

1. That the complaint be dismissed with prejudice;

2. That judgment be entered against TNB for damages, attorneys fees and costs for TNB's violation of NRS Chapter 598, and the covenant of good faith and fair dealing;

3. That judgment be entered against MANN BRACKEN, and P&F and VILLANUEVA for actual damages, statutory damages, attorneys fees and costs, for their FDCPA violations;

///
///
///
///
///
///
///

| | |
|---|---|
| 1 | 4. That judgment be entered against MANN BRACKEN, P&F and VILLANUEVA, |
| 2 | for damages, attorneys fees and costs for their violations of NRS 598. |
| 3 | 5. For an award of attorneys fees and costs; and |
| 4 | 6. For such other and further relief as the court deems just and proper. |
| 6 | Dated this 28 day of October, 2007. |

BROOKSBANK & ASSOCIATES

By: *(signature)*
Thomas R. Brooksbank, Esq.
775/329-5230
Attorney for Defendant and Counterclaimant

### CERTIFICATE OF MAILING

I hereby certify that on the 26th day of October, 2007, I deposited for mailing at the post office at Reno, Nevada, in a sealed envelope, postage fully paid, a true copy of the foregoing ANSWER COUNTERCLAIM and THIRD PARTY CLAIM to Wesley Villanueva, Esq., Paternaude & Felix, 1771 E. Flamingo Rd., Ste. 112A, Las Vegas, NV 89119.

*(signature)*